**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 19-1703, 19-1704

_____

FRANKLIN OMAR LOPEZ-SANTOS,
EDWIN JAIVER LOPEZ SANTOS,

*Petitioners*

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

On Petition for Review of an Order of the Board of Immigration Appeals
(Agency Nos. A098-964-936, 088-367-049)
Immigration Judge: John P. Ellington

_____

Argued: March 10, 2020

Before: McKEE, AMBRO, and PHIPPS, *Circuit Judges*

(Opinion Filed: September 30, 2020)

_____

Bridget Cambria
Cambria & Kline
532 Walnut Street
Reading PA, 19601

Robert Jackel                    [ARGUED]
Suite 360
399 Market Street
Philadelphia, PA 19106
  *Counsel for Petitioners*

Margot L. Carter
Corey L. Farrell                                    [ARGUED]
United States Department of Justice
Office of Immigration Litigation
P.O. Box 878
Ben Franklin Stations
Washington, DC 20044

    *Counsel for Respondent*

_____

OPINION[*]

_____

McKee, *Circuit Judge*.

    In this consolidated immigration appeal, Franklin and Edwin Lopez-Santos,

brothers and natives of Honduras, petition for review of the BIA's denial of their

applications for withholding of removal and relief under the Convention Against Torture

("CAT").  The Government has conceded that the BIA improperly applied *Myrie v.*

*Attorney General*[1] as to Franklin's CAT claim and asks for that claim to be remanded for

review under the proper standard.[2]  We agree and will remand for the BIA to reconsider

Franklin's CAT claim under a *de novo* standard of review instead of the clear error

standard used.  As to Franklin's withholding from removal claim and Edwin's

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.
[1] 855 F.3d 509, 515-16 (3d Cir. 2017).
[2] Appellee Br. at 36 n. 8; *accord* Appellants' Op. Br. at 47-48.

withholding and CAT claims, we will affirm and must dismiss Franklin's petition for review in part, and Edwin's in total.[3]

## I.

Where, as here, the BIA adopted the reasoning of the IJ in its decision, we review the factual determinations in both decisions for substantial evidence.[4] We reverse only if a reasonable factfinder would be "compelled to conclude otherwise."[5] We review *de novo* any legal conclusions.[6]

Edwin claims that the BIA erred in determining he was not entitled to withholding of relief.[7] He argues the BIA reached this incorrect conclusion by relying on the IJ's incomplete review of the record, excluding certain corroborating affidavits from family members, thereby improperly determining that the Honduran government would be able to protect him despite evidence of his cousin's brutal torture and murder. Though we acknowledge the tragic events surrounding his cousin's death, Edwin gives insufficient weight to the adverse credibility determination reached by the IJ and affirmed in the BIA's thorough opinion.[8] But setting that determination aside, as the IJ and BIA did in

---

[3] The BIA had appellate jurisdiction of the IJ's decisions under 8 C.F.R. § 1003.1(b)(3). We have jurisdiction over the BIA's order pursuant to 8 U.S.C. § 1252(a).

[4] *Huang v. Att'y Gen.*, 620 F.3d 372, 379 (3d Cir. 2010).

[5] *Id.*

[6] *Id.*

[7] *Zubeda v. Ashcroft,* 333 F.3d 463, 469 (3d Cir. 2003) ("In order to obtain mandatory withholding of deportation under § 243(h), the alien must first establish by a 'clear probability' that his/her life or freedom would be threatened in the proposed country of deportation.").

[8] JA10-14.

3

their analyses, Edwin's case is severely undermined by (1) his statement to Border Patrol upon entering the United States that he was coming here to "get ahead in life" and (2) his family's continued residence in Honduras since he left.[9] Edwin simply has not demonstrated that it is "more likely than not" that he will be subjected to persecution if returned to Honduras[10] due to the Honduran government's alleged acquiescence to MS-13's violence.[11] In a point-by-point review of Edwin's evidence, the BIA determined the IJ's unchallenged factual findings were not clearly erroneous while bearing in mind the country conditions reports submitted by the Petitioners.[12] We find the BIA's review is supported by substantial evidence.

As to Edwin's CAT claim,[13] the BIA's opinion evidences a substantially similar thorough review of the record before affirming the IJ's factual findings regarding no past torture or government acquiescence.[14] There is substantial record evidence supporting the BIA's factual findings and no legal error with the BIA's ultimate conclusion that Edwin failed to demonstrate an entitlement to relief under CAT.

---

[9] Franklin A.R. at 235.

[10] *See Zubeda*, 333 F.3d at 469.

[11] JA10-14.

[12] *Id*.

[13] *Myrie*, 855 F.3d at 515 (deferring removal is mandatory where a noncitizen produces sufficient evidence establishing he suffered "(1) an act causing severe physical or mental pain or suffering; (2) intentionally inflicted; (3) for an illicit or proscribed purpose; (4) by or at the instigation of or with the consent or acquiescence of a public official who has custody or control of the victim; and (5) not arising from lawful sanctions") (quoting *Auguste v. Ridge*, 395 F.3d 123, 151 (3d Cir. 2005)).

[14] *Id*. at 515-16.

4

Thus, as to Edwin's withholding-of-removal and CAT claims, we hold that he failed to demonstrate an entitlement to either by a preponderance of the evidence.

Finally, as to Franklin's remaining claim for withholding of removal, he argues that the BIA erred in denying him relief due to a misplaced reliance on *Matter of A-B-*[15] when considering what constitutes government acquiescence.[16] Franklin's primary argument is that *Matter of A-B-* is no longer good law after the injunction issued in *Grace v. Whitaker*,[17] where the District Court of the District of Columbia held that the case evidences the Attorney General's inaccurate interpretation of the Administrative Procedures Act and Immigration and Nationality Act under *Chevron v. Natural Resources Defense Council*.[18] We need not address that claim here to affirm the BIA's order. Whether we apply the "unable or unwilling to control," "condoned," or "complete helplessness" standards for government acquiescence, substantial evidence supports the unchallenged findings relied upon by the BIA when determining that the evidence presented by Franklin on this element failed to demonstrate an entitlement to withholding of relief.

---

[15] 27 I. & N. Dec. 316 (A.G. 2018).
[16] Appellees' Br. at 45, 56.
[17] 344 F. Supp. 3d 96, 105 (D.D.C. 2018).
[18] 467 U.S. 837 (1984).

**II.**

For the foregoing reasons, we will dismiss Franklin's petition for review as to his withholding claim and grant his petition as to his CAT claim while remanding for further review in accordance with this Opinion. We will dismiss Edwin's petition for review in total.[19]

---

[19] The Respondent's motion to waive filing paper copies of the transcript is granted.